1  McGREGOR W. SCOTT
   United States Attorney
2  SHELLEY D. WEGER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,              CASE NO.  19-CR-00131 MCE
12                    Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13             v.                          ORDER
14 DARIUSH NIKNIA, and                     DATE: May 7, 2020
   RICHARD LANT,                           TIME: 10:00 a.m.
15                    Defendants.          COURT: Hon. Morrison C. England, Jr.
16

17         By previous order, this case was set for status conference on April 23, 2020.  On March 17,

18 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of

19 California scheduled to commence before May 1, 2020.  On March 18, 2020, this Court issued General

20 Order 612, which permits District Judges to continue criminal matters to a date after May 1, 2020,

21 excluding time under the Speedy Trial Act with reference to General Order 611 and any additional

22 findings to support the exclusion of time.  These General Orders were entered to address public health

23 concerns related to COVID-19.  On March 23, 2020, the Court, on its own motion, continued the status

24 conference to May 7, 2020, and excluded time pursuant to General Order 611.  Defendants now move to

25 continue the status conference to June 25, 2020, and to exclude time between April 23, 2020 and June

26 25, 2020, under Local Code T4.

27         Although the General Order addresses the district-wide health concern, the Supreme Court has

28 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

STIPULATION REGARDING EXCLUDABLE TIME                1
PERIODS UNDER SPEEDY TRIAL ACT

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was originally set for status on April 23, 2020.  On March 23, 2020, the Court continued the matter to May 7, 2020.

2.      By this stipulation, defendants now move to continue the status conference from May 7, 2020, until June 25, 2020, and to exclude time between April 23, 2020, the date of the previously scheduled status conference, and June 25, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has provided discovery associated with this case that consists of over 5,000 pages Bates-labeled pages consisting of, among other things, investigative reports; bank and financial records; email communications, some of which are written in Farsi; as well as audio recordings of the defendants' statements.

        b)      Counsel for defendants desire additional time to review the discovery, to consult with their respective clients, to conduct further investigation and research related to the charges and sentencing, to evaluate possible settlement, and to otherwise prepare for trial.  This additional time is further necessary because as part of the defense investigation and preparation counsel for Niknia is working with a Farsi interpreter who has limited availability.

        c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)      The government does not object to the continuance.

        e)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because due to COVID-19 and the need to avoid in person contact to the greatest extent possible some of the necessary defense interactions and investigative steps will take more time to complete.

        f)      Based on the above-stated findings, the ends of justice served by continuing the

1    case as requested outweigh the interest of the public and the defendant in a trial within the

2    original date prescribed by the Speedy Trial Act.

3          g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4    et seq., within which trial must commence, the time period of April 23, 2020 to June 25, 2020,

5    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

6    because it results from a continuance granted by the Court at defendant's request on the basis of

7    the Court's finding that the ends of justice served by taking such action outweigh the best interest

8    of the public and the defendant in a speedy trial.

9                **THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1     4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the
Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
must commence.

IT IS SO STIPULATED.

Dated:  April 20, 2020

McGREGOR W. SCOTT
United States Attorney


/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney


Dated:  April 20, 2020

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Counsel for Defendant
DARIUSH NIKNIA


Dated:  April 20, 2020

/s/ JESS MARCHESE
JESS MARCHESE
Counsel for Defendant
RICHARD LANT


**ORDER**

IT IS SO ORDERED.

Dated:  April 21, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE