**SHARI RUSK**
Attorney at Law
P.O. Box 188945
Sacramento, CA 95818
Telephone:     (916) 804-8656
Email: rusklaw@att.net

**Attorney for Defendant
RICHARD LANT**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-CR-131 KJM |
|---|---|
| Plaintiff, | |
| vs. | **REQUEST FOR AUTHORIZATION FOR DEFENDANT TO APPEAR BY VIDEOCONFERENCE FOR CHANGE OF PLEA PURSUANT TO GENERAL ORDERS 614 AND 652; ORDER** |
| RICHARD LANT, | |
| Defendant. | |

INTRODUCTION

Mr. Lant asks that this Court permit him to appear virtually for his Change of Plea on September 19, 2022.  Richard Lant is a pre-diabetic, 77 year old, largely bed ridden man, in constant pain who is at risk for complications if infected by COVID-19. The risk level of COVID-19 in Sacramento is currently moderate[1] and the pandemic remains a concern. Notices of COVID-19 exposure in the Matsui courthouse go out multiple times a week evidencing the fact that the virus is highly transmissible and

---

[1] https://healthweather.us/map/california-ca/sacramento-county-06067?mode=covid_risk (last accessed September 13, 2022)

prevalent in our workplace and community at large. General Order 652 currently allows the Court to authorize entry of felony changes of plea via videoconference and Mr. Lant requests that accommodation so that he may change his plea without jeopardizing his health.

## I.

## FACTS

Mr. Lant's current physician, Dr. Nahm, provided a letter stating that Mr. Lant's "chronic pain condition includes Cervical, Lumbar pain and a history of spinal fusion surgery and uses a Spinal cord stimulator." Dr. Nahm's letter is attached as Exhibit A, filed under a request to seal. Medical records and a report from defense investigator, Lisa Gara, offer more support and are attached as Exhibit B, which is also filed under a request to seal. Mr. Lant is highly susceptible to infection and Covid related health risks.

Mr. Lang has signed a written plea agreement and is prepared to change his plea. His health would be seriously jeopardized, however, if he were forced to board a plane to come to Sacramento to physically appear in Court.

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

In response to the pandemic and under the authority of the CARES Act, a number of General Orders were issued that set forth procedures that allowed cases to move forward through the use of videoconferencing in an effort to protect public health. Among these orders was General Order 614, which was filed on March 30, 2020. This Order provides:

> If a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use videoconferencing, or teleconferencing if videoconferencing is not reasonably available, for the felony plea or sentencing in that case. The defendant's consent may be obtained on the record at the time of the relevant event and need not be in writing.

*General Order 614(2).*

On June 27, 2022, General Order 652 was issued. In General Order 652, this Court noted that the findings in General Order 614 had been previously extended, through subsequent Orders, and that those findings were still justified. *General Order 652, pg. 1.* This Court cited the fact that emergency authority under the CARES Act has not been terminated, that the community is still experiencing COVID-19 infections, that public health concerns remain, that the Eastern District hears criminal cases from "34 counties in Sacramento's vast Central Valley, with court proceedings involving counsel and parties and jurors from diverse locations, and pretrial detainees housed in multiple local detention facilities throughout the Central Valley," that certain individuals are at higher risk, that judges may need to deal with differing public health circumstances present in individual cases that support invoking General Order 614, that "each individual judge has full authority to determine all aspects of any and all proceedings in his or her assigned courtroom, as that judge deems appropriate in his or her sole discretion," and that the authorizations in General Order 614 "provides the court and each of the judges the tools if needed to continue conducting the court's essential business without undue delay." *General Order 652, pp. 1-2.*

Based on those facts, the Court extended the authorizations in General Order 614 for an additional 90 days unless terminated earlier. *General Order 652, p. 3.* General Order 652 was filed on June 27, 2022. As such, the authorizations contained therein have been extended until September 27, 2022.

Pursuant to General Order 652, the Court has the authority to allow defendants to appear via videoconference for felony change of plea. At this time, the Matsui courthouse is having regular COVID-19 exposure and we are in the midst of COVID-19 variants that are highly transmissible. In addition, Sacramento County is at a "moderate" level of COVID-19 infection. Moreover, Mr. Lant

would have to board a plane to attend court in person subjecting him to even more exposure. Given Mr. Lant's poor health, it is his request that this Court utilize the authorizations in General Order 652 and allow him to appear via videoconference.

### III.
### CONCLUSION

Based on the foregoing, Mr. Lant requests that he be allowed to appear via videoconference on September 19, 2022 for change of plea.

DATE: September 14, 2022                                Respectfully Submitted,

                                                         /s/ Shari Rusk
                                                        /s Shari Rusk
                                                        Attorney for Defendant
                                                        RICHARD LANT

### ORDER

The defendant's request to appear on September 19, 2022 via videoconference for a change of plea is hereby granted.

DATED:  September 15, 2022.

                                                        _____
                                                        CHIEF UNITED STATES DISTRICT JUDGE