PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00131 KJM |
|---|---|
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER |
| v. | |
| RICHARD LANT, | DATE: September 19, 2022 |
| | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Kimberly J. Mueller |

## BACKGROUND

On August 8, 2019, a grand jury indicted the defendant, Richard Lant with violations of 50 U.S.C. § 1705(a), (c) and 31 C.F.R. § 560.204 – conspiracy to export to an embargoed country (Count One) and 50 U.S.C. § 1705(a), (c) and 31 C.F.R. § 560.206 – prohibited trade-related transaction with Iran (Count Two). LANT has recently entered into a plea agreement with the United States and now seeks to enter his change of plea. A fully executed plea agreement has been sent to the Court. The defendant was originally scheduled to enter a change of plea on September 19, 2022. On September 14, 2022, the defendant filed a motion to waive his personal appearance at the September 19, 2022 change of plea hearing and appear via Zoom videoconference. ECF No. 86. Defendant filed supporting documentation along with that motion that the parties now fully incorporate by reference. ECF 86-1 and 2. Defendant's change of plea was not entered on September 19, 2022, for the reasons stated on the record, and the Court continued this matter to October 3, 2022. Defendant now renews his request to

waive his personal appearance and appear via Zoom videoconference for a change of plea hearing on October 3, 2022, at 9:00 a.m. or a specially set time thereafter. Accordingly, the parties jointly stipulate as set forth below and request that the Court permit Lant to appear via Zoom videoconference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings cannot be conducted in person without seriously jeopardizing public health and safety, and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-23, § 15002(b)(2), 134 Stat. 281, 527–29 (2020).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."

On September 19, 2022, for the reasons set forth in General Orders 614, 616, 620, 624, 628, 630, 632, 635, 640, 649 and 652, the Chief Judge of this District, per General Order 655, extended the findings and authorizations required by the CARES Act for another ninety days from September 19, 2022, the date of entry of General Order 655.

In order to authorize plea or sentencing hearings by remote means, however, the CARES Act— as implemented by the General Orders listed above—also requires district courts in individual cases to find, for specific reasons, that felony pleas and sentencings cannot be further delayed without serious harm to the interests of justice. *Id.* The General Orders listed above require that the defendant consent to remote proceedings. Finally, remote proceedings must be conducted by videoconference unless

STIPULATION AND ORDER REGARDING
VIDEOCONFERENCING

2

"video teleconferencing is not reasonably available." *Id.* In such cases, district courts may conduct hearings by teleconference. *Id.*

The parties hereby stipulate and agree that each of the requirements of the CARES Act and the General Order 655 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and the General Order 655. Specifically, for the reasons further set forth below, the parties agree that:

1. The plea hearing in this case cannot be further delayed without serious harm to the interest of justice given the public health restrictions that are advisable for defendant Lant who due to his age and health conditions may be at higher risk of complication from COVID, and the defendant's request to resolve this case; and

2. The defendant waives his physical presence at the plea hearing and consents to remote hearing by videoconference; and

3. Defense counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their evolving guidance, the Centers for Disease Control and Prevention (the "CDC") and other public health authorities have continued to recommend that certain individuals who may be at higher risk of complications from COVID-19 should continue to take precautionary measures such as avoiding crowds and practicing physical distancing between individuals to avoid contracting COVID-19 or its variants.

4. On March 17, 2020, the Court issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District of California had taken measures to limit the size of gatherings

STIPULATION AND ORDER REGARDING
VIDEOCONFERENCING

3

and practice social distancing.  General Order 612, which issued the following day, provided that if any criminal matters are maintained on calendar, to the fullest extent possible they should be conducted by telephone or videoconference.

5. General Order 614, issued on March 30, 2020, found that felony plea and sentencing hearings generally could not be conducted in person in this district without seriously jeopardizing public health and safety.  General Order 614 further allowed for use of videoconferencing technology for felony change of plea and sentencing hearings with the defendant's consent, if a judge finds that the hearing cannot be further delayed without serious harm to the interests of justice.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this district pursuant to 18 U.S.C. § 3174(d), based on the Eastern District of California's critically low resources across its heavy caseload.  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the district's caseload (the Eastern District of California currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the district is currently authorized only six district judges, and two of those positions are currently vacant).  The report further explained that a backlog of cases exists that can only start to be alleviated when the CDC lifts its guidance regarding gatherings of individuals.

7. General Orders 614, 616, 620, 624, 628, 630, 632, 635, 640, 652, and, most recently, 655, filed on September 19, 2022, have also made findings and implemented temporary emergency procedures in response to the COVID-19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions.  Specifically General Order 655 extended the court's ability to invoke the authorizations granted in General Order 614 for an additional 90 days, from September 19, 2022, unless terminated earlier.

8. Defense counsel represents that defendant is a 77-year-old man who is pre-diabetic and whose mobility is limited due to back surgeries and related conditions that cause chronic pain, all of which also place him at greater risk of complications if he were to contract COVID-19.  *See* ECF No. 86.

9. Defendant Lant lives in Las Vegas, Nevada.  Thus, to enter his change of plea in person,

STIPULATION AND ORDER REGARDING
VIDEOCONFERENCING

4

Lant would need to travel from Las Vegas, Nevada, to Sacramento, California, which would require an approximately hour and a half non-stop flight, or an approximately eight-hour drive.  Travel poses greater risk of exposure to COVID-19, including, because it can be more difficult to socially distance.  The CDC's travel guidance recommends that if an individual is at increased risk for severe disease, they should take "multiple prevention steps" even if the individual is "up to date with [their] COVID-19 vaccine[]."  *See* https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html (last updated Aug. 24, 2022).

10. The government spoke with one of Lant's treating physicians, Dr. Nahm, on September 16, 2022.  Dr. Nahm stated that while travel is not per se contraindicated for Lant, it is medically advisable that Lant not travel to the extent that there is any alternative because Lant has a chronic pain condition and is at higher risk for complications from COVID-19 due to his age, pre-diabetic condition, and chronic pain condition which makes him less ambulatory.  Dr. Nahm further stated that while defendant Lant can manage tasks of daily living with the help of opioid medications and a spinal stimulator, remaining in one position for more than thirty minutes exacerbates his pain.  As a result of his conditions Lant would likely have a more difficult time fending off a COVID-19 infection.

11. Although the COVID-19 community level is currently low in Sacramento County,[1] defense counsel represents that she continues to receive notification of COVID-19 exposures in the Matsui Courthouse.[2]  Defense counsel most recently received a notification on September 26, 2022, stating an employee who was last in the building on September 22, 2022, tested positive for COVID-19 on September 25, 2022.

12. The change of plea hearing in this case cannot be further delayed without serious harm to the interests of justice.  The defendant desires to resolve this matter and a further delay will not necessarily alleviate the barriers to this defendant appearing in person given his ongoing health conditions and the evolution of COVID-19 variants.

13. The defendant waives his physical presence at the plea hearing and defense counsel joins

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html (last visited September 28, 2022).

[2] Undersigned counsel for the government has not received these notifications, but assumes this Court is aware of such notifications.

STIPULATION AND ORDER REGARDING
VIDEOCONFERENCING

5

that waiver.

14. Under CARES Act § 15002(b), the defendant consents to proceed with his change of plea hearing by video-teleconference on October 3, 2022. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: September 29, 2022     PHILLIP A. TALBERT
                              United States Attorney

                              /s/ SHELLEY D. WEGER
                              SHELLEY D. WEGER
                              Assistant United States Attorney

Dated: September 29, 2022     /s/ SHARI RUSK by Shelley
                              Weger as authorized on 9/28/2022
                              SHARI RUSK
                              Counsel for Defendant
                              RICHARD LANT

## FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The plea hearing in this case cannot be further delayed without serious harm to the interests of justice; and

   b) The defendant has waived his physical presence at the change of plea hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 655, the change of plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 4th day of October, 2022.

CHIEF UNITED STATES DISTRICT JUDGE